```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,              99 Civ. 11395

     -against-                               OPINION

CREDIT BANCORP, LTD., CREDIT
BANCORP, INC., RICHARD JONATHAN
BLECH, THOMAS MICHAEL RITTWEGER,
and DOUGLAS C. BRANDON,

                    Defendants.

-----------------------------------------X
```

A P P E A R A N C E S:

    <u>Attorneys for Plaintiff</u>

    SECURITIES AND EXCHANGE COMMISSION
    15 West South Temple, Suite 1800
    Salt Lake City, UT  84101
    By: Thomas M. Melton, Esq.

    SECURITIES AND EXCHANGE COMMISSION
    233 Broadway
    New York, NY  10279
    By: Robert Blackburn, Esq.

    <u>Pro Se</u>

    THOMAS RITTWEGER
    Reg #: 51309-054
    FCI Fort Dix Camp
    P.O. Box 2000
    Fort Dix, NJ  08640

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 9/30/10]

**Sweet, D.J.**

Defendant Thomas Rittweger ("Defendant" or "Rittweger") sent a letter to the Court dated August 10, 2010. In his letter, Rittweger contends that the recent U.S. Supreme Court decision in Morrison v. Australia National Bank Ltd., 130 S.Ct. 2869 (2010), requires that the Court grant his motion for declaratory judgment and deny Plaintiff's motion for summary judgment. Defendant misconstrues Morrison. This Court's September 13, 2010 opinion denying Defendant's motion of declaratory judgment and granting Plaintiff's motion for summary judgment is not altered by the decision in Morrison.

**Discussion**

Morrison addresses the extraterritoriality of the Exchange Act in the context of purchasers of Australian securities of an Australian bank suing that bank for securities fraud involving the purchase of an American company. Id. at 2875-6. The plaintiffs brought suit under Rule 10b-5, promulgated under § 10(b) of the Exchange Act. Id. at 2881. The Court held that § 10(b) did not apply extraterritorially to the defendants' conduct. Id. at 2883. Furthermore, the Court

1

held that fraudulent statements made in the United States are not enough to trigger the application of § 10(b) to otherwise foreign transactions. Id. at 2883-4. Rather, the Court found that the "focus of the Exchange Act is not upon the place where the deception originated, but upon purchases and sales of securities in the United States." Id. at 2884. The Court summarized its holding by stating that "Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States." Id. at 2888.

Rittweger argues that because Blech's purchases and sales in Europe were the actual fraud in this case, § 10(b) does not apply to Rittweger's conduct. This contention is unavailing, as Morrison states that § 10(b) applies to securities transactions in the United States or transactions involving securities listed on an American exchange, both of which are present here. Morrison, 130 S.Ct. at 2888.

According to the SEC's Statement of Undisputed Facts, Rittweger, based in Toms River, New Jersey, marketed and sold Credit Bancorp's "Insured Credit Facility Program" to American

2

investors, including Steven Joffe, William St. Laurent, and Charles Stephenson, Jr.. S.E.C. v. Credit Bancorp, --- F.Supp.2d ----, 2010 WL 3582906, at *21, 25, 29 (S.D.N.Y. Sept. 13, 2010). He also sent American investors the Credit Facility Agreement and Letter of Engagement and received from them, either directly or indirectly, their stock certificates to be used as collateral under the Insured Credit Facility Program. Id. at *10, 22. This exchange served as the transaction through which investors joined the Insured Credit Facility Program. Furthermore, Rittweger held out to domestic investors that their assets would be held in U.S. banks and brokerage firms. Id. at *21. Plainly, the transactions of securities through which domestic investors entered the Insured Credit Facility Program at Credit Bancorp took place within the United States.

Furthermore, with the investments of Steven Joffe, William St. Laurent, and Charles Stephenson, Jr., the securities which were transferred into Credit Bancorp's possession were, at least in these cases, securities on American stock exchanges. Id. at *22, 25, 29. Rittweger does not suggest that other securities he brought into the Insured Credit Facility Program were not also listed on domestic exchanges.

Therefore, the transactions for which Rittweger was prosecuted and sued satisfied both approaches to the application of § 10(b) under Morrison: they involved a securities transaction occurring domestically, and they involved the exchange of securities listed on domestic exchanges.

In light of the foregoing, Defendant's derivative Constitutional arguments under Separation of Powers and the Due Process Clause are meritless.

**Conclusion**

For the foregoing reasons, the Court's September 13, 2010 opinion granting Plaintiff's motion for summary judgment and denying Defendant's motion for declaratory judgment is unaffected by the Supreme Court's decision in Morrison.

It is so ordered.

**New York, NY**
**September 28, 2010**

ROBERT W. SWEET
U.S.D.J.