UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

Securities and Exchange Commission,

Plaintiff,

-against-

Credit Bancorp, Ltd., Credit Bancorp, Inc.,
Richard Jonathan Blech, Thomas Michael
Rittweger, and Douglas Brandon,

Defendants.

ORDER

99 Civ. 11395 (RWS)

---

WHEREAS by this Court's January 21, 2000, Order Appointing Receiver, the Court appointed Carl H. Loewenson, Jr. as Receiver for defendant Credit Bancorp, Ltd. and its affiliated entities (collectively "Credit Bancorp"), and

WHEREAS the Receiver, by Declaration and Report of Receiver, dated July 7, 2015, filed a report seeking permission to pay the reasonable fees and expenses of the Receiver, Morrison & Foerster LLP, and KPMG LLP, and

Whereas Morrison & Foerster LLP, as counsel to the Receiver, submitted the Receiver's Motion For a Discharge and to Close the Receivership Estate, dated July 7, 2015, it is hereby

ORDERED that the Declaration and Report of Receiver, dated July 7, 2015, is hereby accepted and approved;

ORDERED that the Receiver may, pursuant to the Order Appointing Receiver, pay from the assets of Credit Bancorp or the Receivership estate:

(a)     fees and expenses to the Receiver and Morrison & Foerster LLP in the amount of $122,829.10, which is the remaining amount of the Receivership estate after all other fees are

paid, and which is significantly less than the amounts listed in the outstanding combined invoices of the Receiver and of Morrison & Foerster, totaling $336,475.04;

(b)     the invoices of KPMG LLP, dated June 11, 2015, for fees and expenses totaling $100,000.00;

ORDERED that the Motion to Discharge the Receiver and Close the Receivership Estate, dated July 7, 2015 is hereby GRANTED.  Upon payment of the above-approved amounts, the Receiver is hereby discharged from his duties, obligations, and responsibilities as Receiver of Credit Bancorp, and the Receivership estate is hereby closed;

ORDERED that, notwithstanding the closure of the Receivership estate, the Receiver is authorized (a) to execute any tax reporting or similar documents on behalf of the Receivership estate, and to take any necessary and reasonable steps to effectuate the filing of such documents, and (b) to sign checks drawn on the Receivership checking account to pay the professional fees approved pursuant to this Order.

ORDERED that any future funds distributed pursuant to a claim made by the Receiver, or paid pursuant to any Final Judgment or other order of this or any other Court in this matter shall be paid to the Securities and Exchange Commission (the "Commission").

The Commission will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm or by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court; and the name of the person making the payment.

The person making the payment shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making such payment, the remitter relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned;

ORDERED that this Court shall retain jurisdiction over the administration of any distribution of funds received hereafter. If the Commission staff determines that the funds will not be distributed, the Commission shall send the funds paid pursuant to this Order to the United States Treasury;

ORDERED that any interested party who wishes to take custody and control of certain non-privileged documents and records obtained from Credit Bancorp and currently in the possession of the Receiver has 30 days after the entry of this Order to make arrangements with the Receiver, at such party's own expense, including the costs and expenses of the Receiver and his counsel in assembling and reviewing such documents and records, to take control of the documents. If no party makes a claim to the documents within 30 days of the entry of this Order, the Receiver is authorized to dispose of the documents.

ORDERED that the Receiver and his agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own or any of their partners', employees', or agents' good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained

Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted, or failed to act, willfully, in bad faith, and beyond the scope of their authority;

ORDERED that this Court shall retain exclusive jurisdiction over this matter for future determination of any other matters arising out of or related to the Receivership or the acts or omissions of the Receiver or of Retained Personnel; and it is

ORDERED that the Clerk of the Court shall close this case.

Dated:   New York, New York
           9 . 1 8    , 2015

ROBERT W. SWEET
United States District Judge